IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM,<br><br>                 Plaintiff,<br><br>    vs.<br><br>BNA PROPERTIES, LLC,<br><br>                 Defendant. | 8:18CV517<br><br>ORDER |

      This matter is before the Court on Plaintiff's Motion to Compel Discovery Responses (Filing No. 15). Defendant did not respond to the motion. See NECivR 7.1(b)(1)(B).

      On March 1, 2019, Plaintiff served Defendant with requests for production of documents requests for admissions, and interrogatories. (Filing No. 17-1 at pp. 6-14). Defendant did not respond to the requests. On April 19, 2019, Plaintiff's counsel emailed counsel for Defendant regarding the outstanding discovery requests, and spoke to defense counsel's legal assistant by telephone on April 30, 2019, in an attempt to obtain discovery responses. (Filing No. 17-1 at pp. 1, 15). Receiving no response, Plaintiff filed the instant motion to compel on May 1, 2019, asking that the Court order Defendant to respond to the outstanding discovery requests, deem Plaintiff's requests for admission admitted, and to award appropriate fees and costs. (Filing No. 16).

      A party must serve answers, responses, and any objections to properly served interrogatories, requests for production, and requests for admissions within thirty days of service. See Fed. R. Civ. P. 33(b)(2), 34(b)(2)(A), and 36(a)(3). Based on the record before the Court, Defendant has failed to respond to discovery requests. Defendant did not request any extension of time to provide discovery responses, did not provide any reason for the failure to respond to discovery, and filed no response to this motion to compel. In consideration of the above, the Court finds that Plaintiff's motion to compel should be granted.

      Plaintiff also requests appropriate sanctions, including reasonable attorney fees, associated with filing the instant motion. Fed. R. Civ. P. 37(a)(5)(A) provides that if a motion to compel disclosure or discovery is granted, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Plaintiff's counsel certifies she attempted in good faith to obtain Defendant's

discovery responses before filing the present motion. ([Filing No. 16 at p. 4](#)). Defendant's failure to serve discovery responses required Plaintiff to file a motion to compel. Therefore, the Court shall, after providing Defendant with a chance to respond, grant Plaintiff's reasonable expenses for filing this motion, unless Defendant shows substantial justification for the failure to provide discovery responses or that other circumstances would make an award of expenses unjust. See [Fed. R. Civ. P. 37(a)(5)](#). Accordingly,

**IT IS ORDERED:**
1. Plaintiff's Motion to Compel Discovery Responses ([Filing No. 15](#)) is granted.
2. Pursuant to [Fed. R. Civ. P. 36(a)(3)](#), Defendant is deemed to have admitted to the matters in Plaintiff's Requests for Admissions.
3. On or before **May 31, 2019**, Defendant shall serve responses to Plaintiff's requests for production and answers to Interrogatories, without objections.
4. Defendants shall have until **June 5, 2019**, to show cause why Plaintiff's reasonable expenses incurred in filing this motion, including the award of attorneys' fees under Rule 37, should not be imposed.

Dated this 16th day of May, 2019.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge