# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM, | |
| Plaintiff, | 8:18CV517 |
| vs. | ORDER |
| BNA PROPERTIES, LLC, | |
| Defendant. | |

This matter is before the Court after review of Defendant's Response to the Court's Order on Motion to Compel ([Filing No. 20](#)) and Plaintiff's Response ([Filing No. 22](#)).

As outlined by the Court's Order dated May 16, 2019, Plaintiff served Defendant with requests for production of documents, requests for admissions, and interrogatories on March 1, 2019. ([Filing No. 18](#)). Defendant did not respond to Plaintiff's discovery requests, did not respond to Plaintiff's counsel's April 19, 2019, email inquiry about the lack of discovery responses, and did not provide responses after Plaintiff's April 30, 2019, telephonic inquiry to defense counsel's legal assistant. As a result, Plaintiff filed a motion to compel on May 1, 2019. ([Filing No. 15](#)). Defendant did not file a brief opposing the motion to compel, so the Court granted the motion and granted Plaintiff's reasonable expenses incurred in filing the motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), unless Defendant showed substantial justification for their failure to provide disclosures or if other circumstances existed that would make an award of expenses unjust. ([Filing No. 18](#)). On May 23, 2019, Defendant filed a response to the Court's Order, stating it untimely responded to discovery responses because it intended to remediate the deficient conditions cited by Plaintiff in his Complaint, which would moot this dispute and provide Plaintiff with the relief he seeks. ([Filing No. 20](#)). Defendant stated it provided Plaintiff with discovery responses on May 7, 2019, (after Plaintiff filed his motion to compel but before the Court entered its order), and had provided some electronic documents to Plaintiff with initial disclosures and on May 7, 2019.

First, although Defendant represents it provided Plaintiff with discovery responses before the Court ruled on the motion to compel, Defendant's responses were provided after Plaintiff filed her motion. Rule 37(a)(5)(A) provides that a party is entitled to an award of expenses if a motion to compel "is granted or if the disclosure or requested discovery is provided after the motion was

filed[.]" Fed. R. Civ. P. 37(a)(5)(A)(emphasis added).  As such, the only reasons why the Court must not order Defendant to pay expenses would be if Plaintiff filed the motion to compel without "attempting in good faith to obtain the disclosure or discovery without court action;" Defendant's "nondisclosure . . . was substantially justified;" or if "other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(i)-(iii).

Defendant did not dispute Plaintiff's counsel's certification that she attempted to obtain the outstanding discovery responses on more than one occasion prior to filing the motion to compel. Nor did Defendant request any extension of time to provide discovery responses or explain to Plaintiff's counsel the reason for not responding to discovery requests, and did not file a response to the motion to compel.  Although it is commendable that Defendant was taking steps to remediate the conditions cited by Plaintiff in the Complaint in order to provide him with his requested relief and moot this lawsuit, Defendant was nevertheless obligated to respond to discovery requests and to respond to Plaintiff's inquiries.  Under the circumstances, the Court finds that Defendant was not substantially justified in its failure to provide discovery and offered no other reason that would make an award of expenses unjust.  Therefore, the Court awards Plaintiff his reasonable fees and expenses incurred in filing the Motion to Compel.   Accordingly,

**IT IS ORDERED:** Plaintiff is awarded his reasonable expenses incurred in filing the Motion to Compel ([Filing No. 15](Filing No. 15)). Counsel for the parties shall confer on a reasonable amount of fees to be awarded to Plaintiff incurred in filing the Motion to Compel, and, if there is agreement, shall file a stipulation to the Court.  In the event the parties fail to reach an agreement, Plaintiff shall include an affidavit of such costs and fees, see NECivR. 54.3 and 54.4, in any motion to the Court pursuant to Fed. R. Civ. P. 54(d) following the Court's ruling on Defendant's Motion for Judgment ([Filing No. 24](Filing No. 24)).

Dated this 17th day of June, 2019.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge