# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ZACH HILLESHEIM, <br><br> Plaintiff, <br><br> vs. <br><br> BNA PROPERTIES, LLC, <br><br> Defendant. | 8:18CV517 <br><br> MEMORANDUM AND ORDER |

This matter is before the Court on the Motion for Entry of Judgment Against Defendant, ECF No. 24, filed by Defendant BNA Properties, LLC (BNA). For the reasons stated below, the Motion will be granted.

## BACKGROUND

Plaintiff Zach Hillesheim brought this action against BNA under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleged the commercial property owned by BNA in Omaha, Nebraska, is in violation of the Americans with Disabilities Act Access Guidelines (ADAAG). Compl., ECF No. 1. BNA filed an Answer, ECF No. 5, but failed to respond to any discovery requests, see Order, ECF Nos. 18 & 26. BNA now asks the Court to enter judgment against it, Motion, ECF No. 24, and Hillesheim does not oppose that motion, Response, ECF No. 25.

## DISCUSSION

"A consent decree 'embodies an agreement of the parties' and is also 'an agreement that the parties desire and expect will be reflected in, and be enforceable as, a judicial decree that is subject to the rules generally applicable to other judgments and decrees.'" *Frew v. Hawkins*, 540 U.S. 431, 437 (2004) (quoting *Rufo v. Inmates of Suffolk*

*Cty. Jail*, 502 U.S. 367, 378 (1992)). "[A] federal consent decree must spring from, and serve to resolve, a dispute within the court's subject-matter jurisdiction; must come within the general scope of the case made by the pleadings; and must further the objectives of the law upon which the complaint was based." *Hawkins*, 540 U.S. at 437 (citing *Firefighters v. Cleveland*, 478 U.S. 501, 525 (1986)); *see also E.E.O.C. v. Prod. Fabricators, Inc.*, 666 F.3d 1170, 1172 (8th Cir. 2012).

"Title III of the ADA prohibits discrimination on the basis of disability in a place of 'public accommodation,'" *Disability Support All. v. Heartwood Enters.*, 885 F.3d 543, 545 (8th Cir. 2018) (quoting 42 U.S.C. § 12182(a)), and "'[d]iscrimination includes 'failure to remove architectural barriers . . . in facilities . . . where such removal is readily achievable,'" *id*. "The ADAAG is a comprehensive set of structural guidelines that articulates detailed design requirements to accommodate persons with disabilities."[1] *Davis v. Anthony, Inc.*, 886 F.3d 674, 676 n.2 (8th Cir. 2018) (quoting *Daubert v. Lindsay Unified Sch. Dist.*, 760 F.3d 982, 986 (9th Cir. 2014)). The ADA provides a private right of action for injunctive relief to any person being subjected to discrimination on this basis. *Steger v. Franco, Inc.*, 228 F.3d 889, 892 (8th Cir. 2000) (citing 42 U.S.C. § 12188).

Section 12188(a)(2) provides that

> injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter. Where appropriate, injunctive relief shall also include requiring the provision of an auxiliary aid or service, modification of a policy, or provision of alternative methods, to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2).

---

[1] See 36 C.F.R. § 1191, appendices B and D.

The parties request a judgment declaring that BNA's property is not ADA compliant and ordering it to

> (1) remove all barriers to the maximum extent feasible or in the alternative make all readily achievable alterations to its facilities so as to remove physical barriers to access and make its facilities fully accessible to an independently usable by individuals with disabilities to the extent required by the ADA; and (2) make all reasonable modifications in policies, practices, or procedures necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities on a full and equal basis.

Motion ¶ 4, ECF 24, Page ID 109; Compl., ECF No. 1, Page ID 12. In its Motion, BNA represents that the architectural barriers referenced in Hillesheim's Complaint will be removed by August 15, 2019.

The Court finds that the parties' requested consent judgment "spring[s] from, and serve[s] to resolve, a dispute within [its] subject-matter jurisdiction;" "come[s] within the general scope of the case made by the pleadings;" and "further[s] the objectives of the law upon which the complaint was based." *Hawkins*, 540 U.S. at 437. It will, therefore, grant BNA's Motion for Entry of Judgment Against Defendant and enter a consent judgment in this case.

With respect to costs and attorney fees, BNA acknowledges it is responsible for both, Motion ¶ 4, ECF No. 24, Page ID 109, but the parties have not reached agreement on the amount owed. Magistrate Judge Nelson previously awarded Hillesheim his reasonable attorney fees incurred for bringing a motion to compel, but ordered the parties to confer on the amount and instructed Hillesheim to file a motion under Fed. R. Civ. P. 54(d) if the parties cannot reach an agreement. Accordingly, the Court will not award

attorney fees at this time, and Hillesheim may seek to recover his costs and reasonable attorney fees by filing a Rule 54(d) motion.

IT IS ORDERED:

(1) The Motion for Entry of Judgment Against Defendant, ECF No. 24, filed by Defendant BNA Properties, LLC, is granted as follows:

    (a) The Court declares that the property owned by Defendant BNA Properties, LLC, located at 9625 Redick Avenue in Omaha, Nebraska, is in violation of 42 U.S.C. § 12182(b)(2)(A)(iv);

    (b) Defendant BNA Properties, LLC, is ordered to remedy the architectural barriers referenced in Plaintiff Zach Hillesheim's Complaint, ECF No. 1, on or before August 15, 2019; and

(2) A separate judgment will be entered.

Dated this 18th day of June 2019.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge